Ricky L. JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–0710–CR–902.

Court of Appeals of Indiana.

Aug. 12, 2008.

---

Craig Persinger, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ricky Jackson appeals his conviction for Dealing in Cocaine, as a Class A felony, following a jury trial. He presents a single issue for our review, namely, whether he was denied his right to confront witnesses under the Sixth Amendment to the United States Constitution when the trial court admitted into evidence a laboratory report prepared by a technician who did not testify at trial.

We reverse.[1]

### FACTS AND PROCEDURAL HISTORY

On April 7, 2007, at approximately 8:30 p.m., Marion Police Officer Gregory Adams initiated a traffic stop after observing Jackson driving without his vehicle's headlights illuminated. During the course of the traffic stop, Officer Gregory smelled the odor of burnt marijuana, and a canine unit alerted at two locations inside Jackson's car. When officers searched the vehicle, they found over twenty-six grams of cocaine.

---

1. We heard oral argument in this case on     June 25, 2008.

The State charged Jackson with dealing in cocaine, as a Class A felony. At trial, Troy Ballard, a supervisor at the Indiana State Police Laboratory in Fort Wayne, testified regarding a Certificate of Analysis showing that the substance officers recovered from Jackson's vehicle was cocaine. Kristi Lang, the lab technician who had performed the testing, was on maternity leave and did not testify at trial. Alleging a violation of the Sixth Amendment right to confront witnesses, Jackson objected to the Certificate of Analysis admitted into evidence through Ballard's testimony, but the trial court overruled the objection and admitted that evidence. The jury found Jackson guilty as charged. The trial court entered judgment accordingly and sentenced Jackson to forty years' incarceration. This appeal ensued.

## DISCUSSION AND DECISION

■ Jackson contends that the trial court erred when it admitted into evidence the Certificate of Analysis showing that the substance police found in his car was cocaine. In particular, Jackson asserts that because the lab technician who prepared the Certificate did not testify at trial, and because he did not have an opportunity to depose her before trial, admitting the Certificate into evidence violated his right to confront witnesses under the Sixth Amendment to the United States Constitution. We must agree.

Jackson maintains that the challenged evidence is testimonial in nature. And Jackson invokes the United States Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), where the Court held that "where testimonial statements are at issue, the only indicium of reliability

sufficient to satisfy constitutional demands is confrontation." *Id.* at 36, 124 S.Ct. 1354. But the State contends that the evidence is non-testimonial and that the Certificate of Analysis was properly admitted through Ballard's testimony. The State also asserts that the Certificate of Analysis falls under the business records exception to the hearsay rule.

Whether a certificate of analysis, or laboratory report, used to prove an element of a charged crime constitutes a "testimonial statement" under *Crawford* is an issue of first impression for Indiana.[2] In *Jarrell v. State*, 852 N.E.2d 1022, 1024 (Ind.Ct. App.2006), we observed that "*Crawford* did not offer a comprehensive definition of 'testimonial.'" Instead, the Court in *Crawford* offered a non-exhaustive list of examples of testimonial statements: "ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially[;]" "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions[;]" [and] "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 51–52, 124 S.Ct. 1354 (citations omitted).

"Federal courts of appeals and state courts of last resort are now [almost evenly] divided ... over whether state forensic laboratory reports prepared for use in

**2.** Another panel of this court recently addressed this issue with regard to a certificate of analysis that was *not* used to prove an

element of the charged crime. *See Pendergrass v. State*, 889 N.E.2d 861 (Ind.Ct.App. 2008), *trans. pending.*

criminal prosecutions are testimonial."[3] Petition for Writ of Certiorari, *Melendez–Diaz v. Massachusetts*, 2007 WL 3252033 at *9 (U.S. October 26, 2007) (No. 05–P–1213) (Petition granted, ____ U.S. ____, 128 S.Ct. 1647, 170 L.Ed.2d 352 (2008)).[4] A common rationale for holding that such reports are testimonial is that they are: (1) created by a law enforcement agency (2) for the prosecution (3) for the sole purpose of proving an element of a charged crime. *See, e.g., State v. March*, 216 S.W.3d 663, 666 (Mo.2007). On the other hand, courts holding that forensic lab reports are non-testimonial have applied the business or public records exceptions to the hearsay rule. *See, e.g., Commonwealth v. Verde*, 444 Mass. 279, 827 N.E.2d 701, 705 (2005) (holding drug certificate of analysis fell within public records exception to Confrontation Clause).

The Supreme Court of Florida recently addressed this issue in *State v. Johnson*, 982 So.2d 672 (Fla.2008), *petition for cert. filed*, (U.S. July 29, 2008) (No. 08–132), and we find that opinion well-reasoned and persuasive. In *Johnson*, as here, the State sought to introduce the results of lab tests on contraband with testimony by the supervisor of the lab technician who performed the tests. In *Johnson*, the lab technician was no longer employed by the State and, although she offered to attend the trial to testify, the State decided that "it 'was an unreasonable expense and in-

convenience' to fly her down [from Virginia] for the trial." *Id.* at 674. The defendant had not had an opportunity to depose the technician prior to trial.

On the issue of whether the lab report was testimonial, the *Johnson* court held:

In this case, the lab report in question is from FDLE [Florida Department of Law Enforcement] and not from a hospital where testing is done almost exclusively for medical treatment. Furthermore, as the Second District noted, while a lab report from FDLE is that of a "record kept in the regular course of business" the nature of this report, in comparison to a hospital lab report, is that it is "intended to bear witness against an accused."

\* \* \*

While *Crawford* does not detail the types of business records that are non-testimonial, we find a distinction between records that are prepared as a routine part of a business's operation and records that are prepared and kept at the request of law enforcement agencies and for the purpose of criminal prosecution. *An FDLE lab report is prepared pursuant to police investigation and is introduced by the prosecution to establish an element of a charged crime* .... We agree with Johnson that the FDLE lab report in this case is the functional equivalent of an affidavit sub-

---

**3.** The following is a non-exhaustive list of cases where the court held that forensic reports are non-testimonial: *Perkins v. State*, 897 So.2d 457 (Ala.Crim.App.2004); *People v. Johnson*, 121 Cal.App.4th 1409, 18 Cal. Rptr.3d 230 (2004); *Commonwealth v. Verde*, 444 Mass. 279, 827 N.E.2d 701 (2005); and *State v. Dedman*, 136 N.M. 561, 102 P.3d 628 (2004). And cases where the court held that such reports are testimonial include: *Thomas v. United States*, 914 A.2d 1 (D.C.2006), *cert. denied*, ____ U.S. ____, 128 S.Ct. 241, 169 L.Ed.2d 160 (2007); *People v. Lonsby*, 268

Mich.App. 375, 707 N.W.2d 610 (2005); *City of Las Vegas v. Walsh*, 121 Nev. 899, 124 P.3d 203 (2005), *cert. denied*, 547 U.S. 1071, 126 S.Ct. 1786, 164 L.Ed.2d 519 (2006); and *State v. Kent*, 391 N.J.Super. 352, 918 A.2d 626 (App.Div.2007).

**4.** The issue presented in *Melendez–Diaz* is on all-fours with the issue presented in the instant case. We decide this case today mindful that the United States Supreme Court will have the last word.

mitted instead of testimony from a live witness. *It was prepared for litigation and written to prove critical elements of the prosecution's case.*

\* \* \*

We agree with those states that find lab reports and similar materials, when prepared for criminal trials, to be testimonial statements and that their admission without the preparer's testimony runs afoul of *Crawford* and the Confrontation Clause.... In the instant case, the trial court erred in admitting the FDLE lab report under the business record exception when the person who performed the lab test did not testify. The district court properly held that the report, while admittedly a business record, was clearly *prepared in anticipation of trial and meant to establish an element of the crime.* Such an "accusatory" document should only be admissible where the preparer is unavailable and the defendant had a prior opportunity to cross-examine.

*Id.* at 676–81 (emphases added); *see also March*, 216 S.W.3d at 666 (holding "[u]nder the definitions of 'testimony' and 'testimonial' in *Crawford,* as well as the 'primary purpose' test in [*Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) ], ... [a] laboratory report [prepared to prove at trial that substance was cocaine] ... constitute[s] a 'core' testimonial statement subject to the requirements of the Confrontation Clause."), *cert. dismissed,* —— U.S. ——, 128 S.Ct. 1441, 169 L.Ed.2d 256 (2007). And the *Johnson* Court held that because the State did not show the lab technician's unavailability to testify at trial, which is required under *Crawford,* the admission of the lab report violated the defendant's Sixth Amendment right to confrontation. *Johnson* at 681.

Here, likewise, Lang, an Indiana State Police lab technician, performed the laboratory testing and prepared the Certificate of Analysis for the purpose of showing that the substance police found in Jackson's car was cocaine and to prove the weight of the cocaine. And Ballard's testimony was limited to his opinion that based on his review of Lang's work, it appeared that she had performed the testing properly. Ballard was merely a sponsoring witness of the exhibit and did not perform any tests himself.

We hold that Ballard's testimony was not enough to satisfy Jackson's right of confrontation. *See, e.g., Rivera v. State,* 917 So.2d 210, 212 (Fla.App.2005) (holding lab technician's supervisor, who did not perform testing, "under cross-examination, could not have answered questions concerning chain of custody, methods of scientific testing, and analytical procedures regarding the contraband at issue"). The nature of the testing at issue in this case is such that only Lang can testify whether she correctly followed each step in the testing process. Jackson is entitled to inquire about Lang's testing procedures, and Ballard's testimony from Lang's notes is insufficient. The cross-examination of Ballard is not equivalent to the cross-examination of Lang. Under the principles enunciated in *Crawford,* Jackson was entitled to confront Lang directly.

The United States Supreme Court recently reiterated its commitment to hold fast to *Crawford'* s Sixth Amendment analysis in *Giles v. California,* —— U.S. ——, ——, 128 S.Ct. 2678, 2692, —— L.Ed.2d ——, —— (2008):

> [T]he guarantee of confrontation is no guarantee at all if it is subject to whatever exceptions courts from time to time consider "fair." It is not the role of courts to extrapolate from the words of the Sixth Amendment to the values be-

hind it, and then to enforce its guarantees only to the extent they serve (in the courts' views) those underlying values. The Sixth Amendment seeks fairness indeed—but seeks it through very specific means (one of which is confrontation) that were the trial rights of Englishmen. It "does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts." *Crawford,* 541 U.S. at 54, 124 S.Ct. 1354.

And the Court "decline[d] to approve an exception to the Confrontation Clause unheard of at the time of the founding or for 200 years thereafter." *Id.* at ——, 128 S.Ct. at 2693.

Here, the Certificate of Analysis is a testimonial statement under *Crawford.* The State does not direct us to any law carving out an exception to the Confrontation Clause that applies here. While Lang might have been unavailable to testify at trial, the Sixth Amendment requires that Jackson have been given an opportunity to cross-examine her prior to trial. *See Crawford,* 541 U.S. at 53–54, 124 S.Ct. 1354. We hold that the admission into evidence of the Certificate of Analysis without Lang's testimony violated Jackson's Sixth Amendment right to confront witnesses.[5]

Thus, we reject the State's contention that the Certificate of Analysis is admissible under the business record exception to the hearsay rule under Indiana Evidence Rule 803. *Cf. Pendergrass v. State,* 889 N.E.2d 861 (Ind.Ct.App.2008) (holding Confrontation Clause inapplicable to use of Certificate of Analysis pertaining to DNA test where Certificate used to provide context for expert's testimony, not to prove element of charged crime), *trans. pending.* Neither is the Certificate admissible through Ballard's expert testimony under Indiana Evidence Rule 703. Jackson's Sixth Amendment right to confrontation is not subordinate to a rule of evidence under the circumstances of this case. As the Court stated in *Crawford,* "[w]here testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence[.]" 541 U.S. at 61, 124 S.Ct. 1354. In sum, the Court in *Crawford* rejected "reliable hearsay" as a substitute for the right of confrontation. *See Giles,* —— U.S. at ——, 128 S.Ct. at 2695 (Souter, J., concurring in part). Jackson's conviction must be reversed.[6]

Reversed.

DARDEN, J., and BROWN, J., concur.

---

**5.** We disagree with the State's contention that any error was harmless. While a harmless error analysis was deemed applicable to the Sixth Amendment prior to *Crawford,* (*see Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)), we do not read *Crawford* or *Giles* as permitting a harmless error analysis under the circumstances of this case.

**6.** The State is entitled to retry Jackson on this charge. *See Goble v. State,* 766 N.E.2d 1, 7 (Ind.Ct.App.2002) (holding "although double jeopardy bars retrial when a conviction is reversed due to insufficient evidence, it does not bar retrial when a conviction is reversed due to trial error."); *and see Everroad v. State,* 590 N.E.2d 567, 571 (Ind.1992) (noting a consideration of the sufficiency of the evidence in the context of double jeopardy "involves determining whether, considering all the trial evidence, including that erroneously admitted, sufficient evidence exists to support each conviction.").