**Brian McMURRAR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0809–CR–868.

Court of Appeals of Indiana.

May 12, 2009.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Marjorie Lawyer–Smith, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Brian McMurrar (McMurrar), appeals his conviction for possession of paraphernalia, a Class A misdemeanor, Ind.Code § 35–48–4–8.3.

We reverse and remand for retrial.

### ISSUES

McMurrar raises one issue on appeal, which we restate as the following two issues:

(1) Whether the trial court properly admitted a laboratory report into evidence; and

(2) Whether the State presented sufficient evidence to prove beyond a reasonable doubt that he possessed paraphernalia.

### FACTS AND PROCEDURAL HISTORY

On April 24, 2008, Indianapolis Metropolitan Police Department Officer Robert McCauley (Officer McCauley) noticed McMurrar walking westbound on the parking lot of the Sparkling Image Car Wash on 82nd Street in Indianapolis, Indiana. After Officer McCauley made eye contact with McMurrar, McMurrar ran approximately ten feet up the sidewalk away from the Officer. Officer McCauley exited his car and ordered McMurrar to stop. He complied, but then pulled an object from his sock and threw it on the roof of a nearby restaurant. As McMurrar threw the cylindrical object in the air,

Officer McCauley watched it land and marked its location. Officer McCauley called the fire department and then took McMurrar into custody. After the arrival of the fire department, Officer McCauley recovered a cylindrical object from the roof and identified it as drug paraphernalia.

On April 25, 2008, the State filed an Information charging McMurrar with Count I, resisting law enforcement, a Class A misdemeanor, I.C. § 35–44–3–3(3) and Count II, possession of paraphernalia, a Class A misdemeanor, I.C. § 35–48–4–8.3. On July 17, 2008, the trial court conducted a bench trial. At the close of the evidence, the trial court found McMurrar not guilty on Count I, but guilty on Count II. On the same day, the trial court sentenced McMurrar to thirty days with no probation.

McMurrar now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. Admission of Evidence

■ As part of his sufficiency argument, McMurrar contests the trial court's admission of State's Exhibit 2, a laboratory examination report concluding that the paraphernalia contained cocaine residue. A challenge to the admission of evidence is more properly analyzed under an abuse of discretion standard. *Iqbal v. State*, 805 N.E.2d 401, 406 (Ind.Ct.App.2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ McMurrar objected to the admission of the laboratory report on the basis that it did not meet the requirements of

the business records exception to the hearsay rule and that the report constituted hearsay based on *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[1] The trial court admitted the exhibit over McMurrar's objections. On appeal, McMurrar now solely relies on his *Crawford* argument by claiming that his Sixth Amendment to right to confrontation was violated because the person who examined the paraphernalia was not present at trial to testify.

In support of his argument, McMurrar relies on *Jackson v. State,* 891 N.E.2d 657, 659 (Ind.Ct.App.2008), *trans. pending,*[2] where we found that the admission of a certificate of analysis or laboratory report used to prove an element of a charged crime constitutes a testimonial statement under *Crawford.* In *Jackson,* the person who performed the laboratory testing and prepared the certificate for the purpose of establishing an element of the charge did not testify at trial; instead, her supervisor testified as to whether, in his opinion, the testing had been properly done. *Id.* at 661. Because the State failed to prove that the individual who prepared the certificate or report was unavailable to testify at trial, we concluded that the admission of the certificate violated Jackson's Sixth Amendment right to confrontation under *Crawford. Id.* at 662.

Here, Patricia Bowen, a forensic scientist with the Indianapolis–Marion County Forensic Services Agency, performed the laboratory testing on some residue found on the paraphernalia for the purpose of showing that the substance was cocaine and to prove an element of the charge, *i.e.,* that McMurrar intended to introduce the cocaine in his body. However, instead of Bowen, the State called Brenda Keller (Keller), the quality assurance manager with the Indianapolis–Marion County Forensic Services Agency. Keller's testimony was limited to the contents of the report and the conclusions drawn therein; she was merely a sponsoring witness of the exhibit and did not perform the tests herself. The State did not allege, let alone prove, that Bowen was unavailable to testify. Pursuant to *Jackson,* we conclude that Keller's testimony does not satisfy McMurrar's right of confrontation under *Crawford.* As a result, the trial court abused its discretion by admitting State's Exhibit 2.

## II. Sufficiency of the Evidence for Retrial

■ Next, McMurrar contends that the State failed to present sufficient evidence to sustain his conviction for possession of paraphernalia. Having determined that the trial court abused its discretion by admitting State's Exhibit 2, the question of whether McMurrar may be subjected to a new trial depends upon an analysis of the sufficiency of the evidence. *Alexander v. State,* 819 N.E.2d 533, 539 (Ind.Ct.App. 2004); *see also Storey v. State,* 830 N.E.2d 1011, 1022 (Ind.Ct.App.2005). When deciding whether retrial is permissible, we will consider all of the evidence admitted by the trial court, including any erroneously admitted evidence. *Alexander,* 819 N.E.2d at 540. If, viewed as a whole, that evidence would have been sufficient to sustain the judgment, retrial would not offend double jeopardy principles. *Id.* If, how-

1. In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation."

2. We realize that *Jackson* has requested transfer to our supreme court. However, at this point, the supreme court has not yet granted transfer.

**530**

ever, the evidence is insufficient, McMurrar may not be retried. *Id.*

In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State,* 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied.* We will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* at 213. A conviction may be based on circumstantial evidence alone. *Id.* Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.*

Possession of paraphernalia as a Class A misdemeanor is defined by Indiana Code section 35–48–4–8.3 as

(a) A person who possesses a raw material, an instrument, a device, or other object that the person intends to use for:

(1) introducing into the person's body a controlled substance;

(2) testing the strength, effectiveness, or purity of a controlled substance; or

(3) enhancing the effect of a controlled substance;

in violation of this chapter commits a Class A infraction for possession of paraphernalia.

(b) A person who knowingly or intentionally violates subsection (a) commits a Class A misdemeanor.

The State charged McMurrar under subsection (a)(1) and thus needed to prove beyond a reasonable doubt that McMurrar knowingly or intentionally possessed paraphernalia and that he intended to use it to introduce a controlled substance into his body. McMurrar contends that the State failed to establish that he intended to use

the paraphernalia to introduce a controlled substance into his body. We disagree.

At trial, Officer McCauley testify that based upon his experience, the item he recovered from the roof was "paraphernalia." (Transcript p. 14). Officer McCauley described the item as cylindrical and identified State's Exhibit 1 as the paraphernalia McMurrar had thrown on the roof. In addition, the laboratory report established that the paraphernalia contained cocaine residue. Based on the evidence before the court, we find that the State proved beyond a reasonable doubt that McMurrar intended to use the paraphernalia to introduce a controlled substance into his body. *See Trigg v. State,* 725 N.E.2d 446, 450 (Ind.Ct.App.2000) (where we held that a cocaine encrusted crack pipe lying on a car seat was sufficient to support an inference that Trigg possessed the pipe with the intent to use it to smoke crack). Therefore, as we conclude that the evidence was sufficient to support McMurrar's conviction, his retrial would not offend double jeopardy principles. As such, this case is remanded for possible retrial.

*CONCLUSION*

Based on the foregoing, we conclude that the trial court erroneously admitted a laboratory report into evidence. However, as the evidence, including the erroneously admitted laboratory report, was sufficient to support McMurrar's conviction, we remand for retrial.

Reversed and remanded for retrial.

KIRSCH, J., and MATHIAS, J., concur.