Max KOENIG, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 42A04–0903–CR–146.

Court of Appeals of Indiana.

Oct. 30, 2009.

Rehearing Denied Jan. 15, 2010.

Victoria L. Bailey, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Max Koenig was convicted of dealing in a schedule II controlled substance, a Class B felony,[1] after a jury trial in which the court erroneously admitted a lab report because the State's supporting witness was not the individual who performed the test or prepared the report. The error was harmless, however, because there was sufficient admissible evidence to support the conviction. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

On April 7, 2006, Koenig visited the home of a friend, Josh Harbin. The two were drinking and taking prescription pills. Koenig gave Harbin several different pills, including methadone. Koenig told Harbin he usually took two methadone pills, but Harbin ingested five. Harbin became drowsy, and he asked Koenig to write down the pills Koenig had given him. Koenig gave Harbin a list of pills before he left. Harbin was found dead the next morning. A blood test revealed methadone in Harbin's system.

## DISCUSSION AND DECISION

 The lab test showing there was methadone in Harbin's blood should not have been admitted. In *Melendez–Diaz v. Massachusetts*, —— U.S. ——, 129 S.Ct. 2527, 2531, 174 L.Ed.2d 314 (2009), the Supreme Court held a lab report prepared for use in a criminal prosecution is an affidavit that falls within the "core class" of testimonial statements covered by the Confrontation Clause. Therefore, a defendant's Sixth Amendment right is violated when the defendant is not allowed to confront the person who created the lab report used at his trial.[2] *Id.* In *Jackson v. State*, 891 N.E.2d 657, 661 (Ind.Ct.App. 2008), we had already reached the same result the Supreme Court reached in *Melendez–Diaz*: we held a certificate of analysis used to prove an element of charged

---

1. Ind.Code § 35–48–4–2.

2. *Melendez–Diaz* was decided after Koenig submitted his brief but before the State submitted its brief. The State does not address or acknowledge the decision.

crime was a testimonial statement, so its admission into evidence without the testimony of the lab technician who prepared it violated the Sixth Amendment right to confront witnesses.

The State does not, and we think cannot, argue the challenged report in the case before us was admissible. The report was testimonial and the State did not call as a witness the person who prepared it. The report should not have been admitted with the support of only the coroner's testimony.[3] See Jackson, 891 N.E.2d at 662 (a certificate of analysis showing the substance police found in Jackson's car was cocaine was testimonial and its admission without the testimony of the lab technician who prepared it was error).

Instead, the State argues Koenig should not be allowed to challenge the erroneous admission of the lab report because he waived his allegation of error on appeal by objecting at trial on different grounds. Koenig objected on unspecified hearsay and foundational grounds. The extent of the discussion was:

**BY [Koenig's Counsel]:**

Judge I am going to objection [sic] based upon here say [sic] and lack of foundation.

**BY [The State]:**

Your Honor [the Coroner] has testified he received it in his job as the elected Coroner of Knox County Indiana. Uh as course [sic] of his duties from the draw on Josh Harbin and he is the custodian of the records of his office in which this is the file.

**BY THE COURT:**

Objection overruled. The Court will admit State's Exhibit 4 into evidence.

(Tr. at 445–46.)

It is true that in some instances a party's failure to allege specific errors and present such errors before the trial court may result in a waiver of those errors on appeal. See U.S. Fidelity & Guar. Co. v. DeFluiter, 456 N.E.2d 429, 431 (Ind.Ct. App.1983). However, we prefer to decide cases on their merits when possible, Masonic Temple Ass'n of Crawfordsville v. Indiana Farmers Mutual Ins. Co., 837 N.E.2d 1032, 1036 (Ind.Ct.App.2005), reh'g denied, and we decline the State's invitation to find Koenig may not challenge the plainly erroneous admission of the lab report.

The State relies on Small v. State, 736 N.E.2d 742, 747 (Ind.2000), but Small does not preclude Koenig's challenge. At trial, a police officer began to testify about contact he had with Small's co-defendant. Small objected on the ground the testimony was inadmissible hearsay that did not fall within the exceptions of either Ind. Evid. R. 801(d)(2) or 803(8).[4] On appeal Small argued his constitutional right to confront witnesses was violated because he was not able to cross-examine his co-defendant regarding the statement the co-defen-

---

**3.** In Pendergrass v. State, 913 N.E.2d 703 (Ind., 2009), our Supreme Court held a lab report was admissible even without the testimony of the technician who ran the DNA samples through the laboratory equipment when the witness supporting the lab report was "a laboratory supervisor with direct knowledge of the processing of the samples," (at 704), who "had personal knowledge of the laboratory's work on the specimens at issue," (id. at 708), and who had "direct involvement" in the laboratory's technical processes. (Id. at 708.) In the case before us, by con-

trast, the record reflects only that the coroner "received" the report in his official capacity, (Tr. at 445), and does not reflect he had any direct involvement in, or personal knowledge about, the preparation of the report.

**4.** Rule 801(d)(2) excludes from the definition of hearsay a statement that is offered against a party and is:

(A) the party's own statement, in either an individual or representative capacity; or

(B) a statement of which the party has manifested an adoption or belief in its

dant made to the officer. The Court noted a defendant may not raise one ground for objection at trial and argue a different ground on appeal and found the claim of error waived. *Id.* at 747.

Small argued at trial that because an officer's testimony was based on police records, it should have been excluded pursuant to Indiana Evidence Rule 803(8), the hearsay exception for public records and reports. But our Supreme Court noted the State did not admit any police records or investigative reports-instead, it relied solely on the officer's testimony. The trial court therefore did not abuse its discretion in allowing the testimony. *Id.* at 747 n. 10.

■ Koenig's hearsay and foundational objection was sufficient to preserve the Confrontation Clause argument he now raises.[5] Our Supreme Court has noted the close relationship between hearsay and confrontation: "*Crawford* [*v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ] makes clear that in a criminal prosecution any hearsay permitted under the rules of evidence is also subject to the defendant's right 'to be confronted with the witnesses against him' under the Sixth Amendment to the United States Constitution." *Hammon v. State,* 829 N.E.2d 444,

449 (Ind.2005), *rev'd and remanded on other grounds by Davis v. Washington,* 547 U.S. 813, 824, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). The Confrontation Clause applies only to testimonial hearsay. *Davis,* 547 U.S. at 824, 126 S.Ct. 2266. Hearsay rules and the Confrontation Clause are "generally designed to protect similar values" and they "stem from the same roots." *White v. Illinois,* 502 U.S. 346, 353, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992).

■ The Confrontation Clause is violated when hearsay evidence is admitted as substantive evidence against a defendant with no opportunity to cross-examine the hearsay declarant at trial. *Kentucky v. Stincer,* 482 U.S. 730, 737, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). In *Giles v. California,* —— U.S. ——, 128 S.Ct. 2678, 2686, 171 L.Ed.2d 488 (2008), the Court noted "courts prior to the founding excluded hearsay evidence in large part because it was unconfronted." The lab report should not have been admitted[6] and Koenig did not lose his ability to challenge the error just because he presented his objection in terms of hearsay and foundation.

■ While the lab report should not have been admitted and Koenig preserved

truth; or (C) a statement by a person authorized by the party to make a statement concerning the subject; or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship; or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

Rule 803(8) is a hearsay exception that allows the admission of certain public records and reports:

Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed

by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

5. Because we so hold, we need not address Koenig's assertion in his reply brief that the admission of the lab report was fundamental error. We note, however, that an issue is waived if raised for the first time in a reply brief. *Monroe Guar. Ins. Co. v. Magwerks Corp.,* 829 N.E.2d 968, 977 (Ind.2005).

6. The State argues admission of the report was harmless because a toxicologist testified laboratory testing of the victim's blood showed the presence of methadone. "Therefore, the alleged hearsay in the laboratory report was merely cumulative of the toxicolo-

that allegation of error with his trial objection on hearsay and foundation grounds, the error was harmless because there was sufficient evidence to support his conviction even without the lab report. *See West v. State*, 805 N.E.2d 909, 911 (Ind.Ct.App. 2004) (error in admitting test results was harmless because the evidence was sufficient to support the conviction even without considering the improperly admitted test results), *trans. denied* 812 N.E.2d 808 (Ind.2004).

The State is not required to introduce the subject contraband to obtain a conviction for dealing or possession. *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009). The identity and quantity of a controlled substance, and the defendant's possession of or dealing in narcotics, may be established through witness testimony and circumstantial evidence. *Id.* The exclusion of the seized items in Helton's case, therefore, did not foreclose prosecution and conviction based on other evidence. In *Halsema v. State*, 823 N.E.2d 668, 673 n. 1 (Ind.2005), Halsema contended that because the identity of the drugs was not "scientifically determined" his conviction of possession of methamphetamine could not be sustained. Our Supreme Court held the identity of a drug can be proven by circumstantial evidence: "In the absence of expert testimony based on chemical analysis, this may include the 'testimony of someone sufficiently experienced with the drug indicating that the substance was in-

deed a dangerous drug.'" *Id.* (quoting *Slettvet v. State*, 258 Ind. 312, 316, 280 N.E.2d 806, 808 (1972)).

While the type of circumstantial evidence usually contemplated is the testimony of someone experienced with the drug who identifies the substance, proof by circumstantial evidence is not within the exclusive realm of experienced drug users; other circumstantial evidence may be sufficient. *Clifton v. State*, 499 N.E.2d 256, 258 (Ind.1986). In *Clifton*, police identified the appearance of the substance as resembling heroin, and a witness who swallowed the substance as police approached testified the substance was heroin he purchased for his girlfriend.

Koenig admitted he gave Harbin methadone, he told Harbin he usually took two, he watched Harbin take five methadone pills, he made a list of the drugs he had given Harbin, he told police where he had obtained the methadone, and he indicated he was familiar with drugs. A witness who was present when Harbin took the methadone corroborated Koenig's statement. There was sufficient evidence to support the conviction without the lab report, and we accordingly affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.

---

gist's testimony, and Koenig could not have been harmed by the report." (Br. of Appellee at 5.) It is true that error in the admission of evidence may be harmless when the evidence is merely cumulative of other properly admitted evidence. *Purvis v. State*, 829 N.E.2d 572, 585 (Ind.Ct.App.2005), *trans. denied* 841 N.E.2d 180 (Ind.2005), *cert. denied sub nom. Purvis v. Indiana*, 547 U.S. 1026, 126 S.Ct. 1580, 164 L.Ed.2d 310 (2006). But that general rule cannot properly be applied to the toxicologist's testimony.

It is evident from the record that the toxicologist was reading directly from the lab report immediately after the trial court had erroneously admitted it over Koenig's objection. The toxicologist conceded that other than reviewing the toxicology report, he "had nothing else to do with this case." (Tr. at 454.) We must decline the State's invitation to hold that inadmissible evidence in the form of a lab report becomes admissible just because a live witness, who did not prepare the report, reads from it at trial.