**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KIMBERLY S. LAKIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A02-1107-CR-655 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1009-FD-122

**June 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Kimberly Lakin appeals her conviction for possession of paraphernalia, as a Class A misdemeanor, following a jury trial. Lakin presents a single issue on appeal, namely, whether the evidence is sufficient to support her conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 16, 2010, Lakin accompanied her boyfriend, Daniel Curbox, and her daughter in Curbox's truck to a clothing store. Curbox left with a friend from the clothing store to run an errand. Later, the fire department received a call that there was an unresponsive female slumped over the steering wheel of a truck and dispatched an ambulance to the clothing store parking lot. Ronald Hill, a lieutenant paramedic firefighter with the Monticello Fire Department and reserve deputy with the White County Sherriff's Office, was at a nearby restaurant when he heard the ambulance. Hill left the restaurant to go to the scene and assist the other paramedics. The paramedics found Lakin in an unresponsive state inside the truck. Hill arrived shortly after the ambulance and saw another paramedic, Brooks Engle, helping Lakin regain consciousness. Hill walked up to the truck and observed that Lakin was confused, pale, and sweaty.

After becoming more alert, Lakin expressed a desire to leave and exited the truck. On the seat of the truck where Lakin had been sitting, Hill saw a glass pipe with a bulb at one end that contained blackened residue. Engle picked up the pipe and gave it to Hill,

2

who then called dispatch, went on-duty, and requested an on-duty police officer to come to the scene. Lakin later signed a form stating that she had refused medical treatment.

Officer Jeremy Kyburz responded to the dispatch request and, when he arrived, Hill gave him the pipe. Officer Kyburz then secured the pipe inside an evidence bag. While Officer Kyburz's partner questioned Lakin, Curbox arrived at the clothing store parking lot. Curbox told Officer Kyburz that he had never seen the pipe before and that the pipe did not belong to him. The pipe was later sent to the Indiana State toxicology lab and test results showed that the pipe contained the residue of a Schedule II controlled substance, fentanyl.

The State charged Lakin with possession of a controlled substance, as a Class D Felony, and possession of paraphernalia, as a Class A misdemeanor, and also charged Lakin as an habitual substance offender. Following trial, a jury convicted Lakin of possession of paraphernalia, as a Class A misdemeanor, and acquitted her of the other charges. The trial court sentenced Lakin to one year in the White County Jail and suspended the sentence remaining after credit time and good time credit, except for 120 days to be served on home detention. Lakin now appeals.

**DISCUSSION AND DECISION**

Lakin alleges that the State presented insufficient evidence to support her conviction for possession of paraphernalia. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could

3

have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

To convict Lakin of possession of paraphernalia under Indiana Code Section 35-48-4-8.3, the State was required to prove beyond a reasonable doubt that she knowingly or intentionally possessed the glass pipe and intended to use the pipe to introduce fentanyl, a controlled substance, into her body. Possession may be actual or constructive and

> [c]onstructive possession occurs when someone has the intent and capability to maintain dominion and control over the item. In cases where the accused has exclusive possession of the premises on which the contraband is found, an inference is permitted that he or she knew of the presence of the contraband and was capable of controlling it. When possession of the premises is non-exclusive, the inference is not permitted absent some additional circumstances indicating knowledge of the presence of the contraband and the ability to control it. Among the circumstances which will support such an inference are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the contraband: (5) contraband in plain view; and (6) location of the contraband in close proximity to items owned by the defendant.

Atwood v. State, 905 N.E.2d 479, 484-85 (Ind. Ct. App. 2009) (citations omitted), trans. denied.

Lakin first asserts that there was insufficient evidence to show that she knowingly or intentionally possessed the glass pipe. In particular, Lakin contends that there is a lack of evidence to support the element of possession because, although she "was certainly in

4

proximity to the pipe[,]" the pipe was not in plain view and she did not engage in any furtive conduct. Appellant's Brief at 9-10. We cannot agree.

Contrary to Lakin's characterization of the evidence, the State presented evidence showing her constructive possession of the pipe. Hill testified that the pipe had been located underneath Lakin's "right upper leg/buttocks area on the seat" and that, when she exited the car, he saw the glass pipe located "squarely on the top of the seat." Transcript at 37-38. Hill also stated that the pipe was "warm to the touch" when he received it from Engle and that Lakin's mannerisms were indicative of someone who had ingested fentanyl. Transcript at 44. Hill further testified that Lakin "was adamant about not wanting to stay there, [stating that] she just wanted to leave." Transcript at 37. Despite Hill's observation that Lakin was in need of medical assistance, Lakin signed a waiver and refused medical treatment. Lakin's furtive actions, her close proximity to the pipe, and the presence of the pipe in plain view after she exited the vehicle are circumstances sufficient to support an inference that she was aware of the pipe's presence and capable of controlling it. See Atwood, 905 N.E.2d at 485. Therefore, the State presented sufficient evidence to support, beyond a reasonable doubt, that Lakin constructively possessed the pipe.

Next, Lakin claims that the State failed to prove that she intended to use the glass pipe to introduce fentanyl into her body. Intent is a mental state that the trier of fact often must infer from the surrounding circumstances. Vasquez v. State, 741 N.E.2d 1214, 1217 (Ind. 2001) (citations omitted). Here, Hill and Officer Kyburz both testified that, based on their experiences, the pipe found in the truck was an instrument typically used

for the ingestion of illegal substances. Hill also testified that the pipe was "blackened on the end." Transcript at 44. Officer Kyburz further testified that, after he secured the pipe, he sent it to the State toxicology lab in order to "find out what the burnt substance in the pipe was." Transcript at 72. The state forensic drug chemist testified that the residue contained on the pipe was fentanyl, a schedule II controlled substance.

Based on the evidence, we hold that the State proved beyond a reasonable doubt that Lakin intended to use the paraphernalia to introduce fetanyl into her body. See McMurrar v. State, 905 N.E.2d 527, 530 (Ind. Ct. App. 2009) (finding testimony of a qualified expert that the instrument was "paraphernalia" as well as evidence that the instrument contained residue of a controlled substance was sufficient to support an inference of the element of intent to use the instrument to introduce controlled substances into the person's body). The evidence supports Lakin's conviction for Class A misdemeanor possession of paraphernalia.

Affirmed.

CRONE, J., and BROWN, J., concur.