## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 7:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael E. Hunt
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Bryant Lamonte White,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 25, 2015

Court of Appeals Case No.
53A01-1501-CR-42

Appeal from the Monroe Circuit Court

The Honorable Marc R. Kellams, Judge

Trial Court Cause No.
53C02-1309-FA-952

**May, Judge.**

[1]     Bryant Lamonte White appeals his conviction of and sentence for Class A felony conspiracy to commit dealing in a schedule I controlled substance.[1]  He presents four issues for our review:

> 1.      Whether the trial court abused its discretion when it admitted audio recordings of White speaking to a confidential informant;
>
> 2.      Whether the State presented sufficient evidence White committed Class A felony conspiracy to commit dealing in a schedule I controlled substance;
>
> 3.      Whether the trial court abused its discretion when it did not consider White's proffered mitigators when sentencing him; and
>
> 4.      Whether White's sentence is inappropriate based on his character and the nature of his crime.

We affirm.

## Facts and Procedural History

[2]     On April 29, 2013, Bloomington Police Detective Mike Baker met with Dawn Johnson, a confidential informant, for the purpose of making a controlled drug

---

[1] Ind. Code § 35-48-4-2(a)(1) (dealing in a schedule I controlled substance in a family housing complex) (2013); Ind. Code § 35-41-5-2 (conspiracy).

buy. That afternoon, Johnson called White and arranged a purchase of heroin. The call was recorded. Detective Baker searched Johnson, gave her $100.00 to make the purchase, and watched Johnson walk into White's apartment. Johnson gave the money to Kristin Garrett, White's girlfriend, who gave Johnson heroin she and White previously had purchased together. Johnson returned to Detective Baker with a substance he believed to be heroin.

[3] On April 30, 2015, Detective Baker met with Johnson and provided her with $200 to purchase heroin from White in a controlled buy. He searched Johnson and watched her walk into the apartment complex. Johnson returned ten minutes later. Detective Baker searched Johnson and did not find drugs, contraband, or money.

[4] On May 1, 2015, Detective Baker met with Johnson to finish the controlled buy from April 30. Johnson called White and asked him, "Can I come get that, in like five minutes?" (State's Ex. 4) White responded, "You want the whole thing?" (*Id*.) Johnson indicated she did and White asked why she "didn't get it the first time?" (*Id*.) Johnson stated she "didn't want to do it all, you know what I'm saying? I [sic] been doing it all too much, you know what I mean?" (*Id*.) White answered in the affirmative, and Johnson told him she was on her way to his apartment. Detective Baker searched Johnson before she went into White's apartment. Johnson returned with heroin she received from Garrett.

[5] On September 25, 2013, the State charged White with two counts of Class A felony conspiracy to commit dealing in a schedule I controlled substance in a

family housing complex. White's jury trial took place on November 24 - 25, 2014. During trial, White objected to the admission of the recordings of calls between him and Johnson on the grounds they were hearsay and Johnson was not present for him to cross examine. The trial court overruled his objections. The jury found White guilty of one count of Class A felony conspiracy to commit dealing in a schedule I controlled substance. The trial court sentenced him to forty years.

## Discussion and Decision

### *Admission of Recorded Calls*

[6] We typically review allegations of error in the admission of evidence for an abuse of discretion, which occurs only when the trial court's ruling is "clearly against the logic, facts, and circumstances presented." *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence in favor of the trial court's ruling, *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied*, and we will not reverse the decision to admit or exclude evidence if that decision is sustainable on any ground. *Crawford v. State*, 770 N.E.2d 775, 780 (Ind. 2002). The admission of the recordings was not an abuse of discretion because the recordings were not hearsay and their admission did not violate White's right to confront witnesses against him.

[7] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter

asserted." Ind. Evidence Rule 801(c). "Statements not admitted to prove the truth of the matter do not run afoul of the hearsay rule - they are not hearsay." *Angleton v. State*, 686 N.E.2d 803, 809 (Ind. 1997). In *Williams v. State*, 930 N.E.2d 602, 607-09 (Ind. Ct. App. 2010), *trans. denied*, we held a confidential informant's statements presented in court that were "recorded in the course of a controlled drug buy were not offered by the State to prove the truth of the matter asserted" and thus were not hearsay. *Id*. at 608.

[8] "Statements providing context for other admissible statements are not hearsay because they are not offered for their truth." *Id*. at 609 (quoting *United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir. 2006), *cert. denied*, 549 U.S. 1149 (2007)). *Williams* relied on *Williams v. State*, 669 N.E.2d 956 (Ind. 1996), in which the statements of the confidential informant were not hearsay because "[i]t was the statements made by [the defendant] that really constituted the evidentiary weight of the conversation." *Id*. at 958.[2] The same rationale applies here.

[9] The recorded calls between Johnson and White included discussions regarding when Johnson might arrive at White's apartment, and in the case of the second call, the fact that Johnson wanted "the whole thing[.]" (State's Ex. 4.) The statements were offered to give context to the controlled buy because that

---

[2] White's statements are not hearsay under Evid. R. 801(d)(2) because they were statements of a party-opponent.

context explained the presence of heroin when Johnson returned to Detective Baker. Therefore, we conclude these statements were not hearsay.

[10] Further, the statements did not violate White's right to confront the witnesses against him because they were not testimonial. Testimonial statements include "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Jackson v. State*, 891 N.E.2d 657, 659 (Ind. Ct. App. 2008), *trans. denied*, *abrogated based on other grounds by Koenig v. State*, 933 N.E.2d 1271, 1273 (Ind. 2010). The Sixth Amendment Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). As the recorded statements between Johnson and White were offered to provide context to the controlled buys and not to establish the truth of the matter asserted, they are not testimonial and White's right to confront witnesses was not violated.

### *Sufficiency of Evidence*

[11] When reviewing sufficiency of evidence to support a conviction, we consider only probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.*

A conviction may be sustained on the uncorroborated testimony of a single witness. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). To establish the existence of a conspiracy to commit a crime, the State is not required to prove there was a formal agreement between the parties. *Dickenson v. State*, 835 N.E.2d 542, 552 (Ind. Ct. App. 2005), *trans. denied*. Instead, an agreement may be inferred from circumstantial evidence, which may be an overt act committed by one of the conspirators. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Drane*, 867 N.E.2d at 146. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

To prove White conspired to commit dealing in a schedule I controlled substance, the State was required to provide evidence White, on May 1, 2013, agreed with Garrett to commit dealing heroin in a family housing complex and Garrett performed an act in furtherance of that agreement, here, the delivery of the heroin to Johnson. *See* Ind. Code § 35-48-4-2(a)(1) (elements of dealing in schedule I controlled substance) (2014) and Ind. Code § 35-41-5-2 (elements of conspiracy). White argues there was no evidence he conspired with Garrett to deal heroin.

Garrett testified:

> [State]: The heroin that you sold to Miss Johnson, how did you get it?

[Garrett]:      I bought it.

[State]:        Did you buy it alone?

[Garrett]:      No.

[State]:        Who did you buy it with?

[Garrett]:      Bryant [White].

[State]:        And how did you two buy heroin?

[Garrett]:      We put our money together and we bought it together.

(Tr. at 332-333.)  Detective Baker testified he recognized White as the person who spoke with Johnson on the recorded phone calls that provided information about when Johnson was to pick up heroin at White's and Garrett's apartment. When Johnson returned from the apartment she had heroin.  This evidence is sufficient, and White's arguments to the contrary are invitations for us to judge the credibility of witnesses and reweigh the evidence, which we cannot do.  *See Drane*, 867 N.E.2d at 146 (appellate court cannot judge the credibility of witnesses or reweigh evidence presented at trial).

## *Sentencing - Abuse of Discretion*

When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).  We may reverse a decision that is

"clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

[17] Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id.* "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id.* The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors. *Id.* at 491.

[18] The trial court sentenced White to forty years. White argues the trial court abused its discretion when it did not give mitigating weight to the undue hardship his dependents would experience because of his incarceration. The trial court "is not required to find that a defendant's incarceration will result in undue hardship upon his dependents." *Davis v. State*, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005), *trans. denied*. Additionally, while White testified he provided support for some of his seven children, he was convicted at one point for Class D felony nonsupport of a dependent child. As the trial court is not

required to give the same mitigating weight to a factor as White would propose, *see Flickner*, 908 N.E.2d at 273, we hold the trial court did not abuse its discretion when it sentenced White.

### *Inappropriate Sentence*

[19] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[20] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Class A felony is thirty years, with a sentencing range between twenty and fifty years. Ind. Code § 35-50-2-4(a). The trial court sentenced White to forty years.[3]

---

[3] White asserts his sentence is inappropriate in light of the new sentencing structure put into effect on July 1, 2014. However, White committed his crime in 2013 and "the sentencing statute in effect at the time a crime is committed governs the sentence for that crime." *Gutermuth v. State*, 868 N.E.2d 427, 432 n.4 (Ind. 2007). We recently held the General Assembly "intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code." *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014), *trans. denied*. Thus, White's argument fails.

One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. White conspired to deal heroin in a family housing complex in an apartment where Garrett's daughter resided. Nothing about his crime is more egregious than any other related crime; however, White's character tips the scales.

When considering the character of the offender, one relevant fact is criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. White has four prior drug-related convictions, including one for dealing cocaine. At the time of his trial, White had pending charges of dealing in marijuana. White has committed multiple other crimes including reckless driving, resisting law enforcement, possession of marijuana, and nonsupport of a dependent child.

Based on White's character and the nature of the crime, we cannot say his sentence was inappropriate.

## Conclusion

The trial court did not abuse its discretion when it admitted the recordings of the calls between Johnson and White because the recordings were not hearsay

and were not testimonial. There was sufficient evidence White committed Class A felony conspiracy to commit dealing in a schedule I controlled substance. Finally, the trial court did not abuse its discretion when sentencing White and White's forty year sentence was not inappropriate based on his character and the nature of the crime. Accordingly, we affirm the judgment of the trial court.

[25] Affirmed.

Crone, J., and Bradford, J., concur.