**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 23 2014, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREEMOND JORDAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1310-CR-540 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1209-MR-13

**July 23, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Freemond Jordan appeals his convictions for murder and Class B felony attempted robbery. We affirm.

## Issues

Jordan raises three issues, which we restate as:

I.     whether his Sixth Amendment rights were violated when the trial court limited cross-examination regarding a witness's conversation with his attorney;

II.     whether the trial court properly allowed a witness to testify regarding the terms of his plea agreement; and

III.     whether the trial court properly rejected Jordan's proposed jury instruction regarding mere presence at the scene.

## Facts

Dietrich Perkins was involved with selling and purchasing drugs in South Bend. Perkins got into a dispute with Forest Lamar because he claimed that Lamar had "shorted" him marijuana in a drug deal. Tr. p. 243. On November 18, 2011, Lamar, Jordan, Sylvester Garner, and Bryant Hunt arranged to meet Perkins in an apartment complex parking lot. Each of the men were armed with handguns. Hunt drove to the parking lot in a Range Rover with Jordan in the passenger seat, and Lamar drove there in a Chevrolet Impala with Garner in the passenger seat. When they arrived at the parking lot, Garner got into the back seat of the Range Rover.

Turquoise Parahams, Perkins's girlfriend, went with Perkins to the meeting. Perkins was driving Parahams's vehicle, and Parahams was in the passenger seat. When

2

they arrived, Perkins backed into a parking spot and got into the driver's side back seat of the Range Rover. The men got into an argument in the Range Rover, and Jordan shot Perkins. Perkins got out of the vehicle and fell to the ground, and Garner and/or Hunt then shot Perkins again.

Parahams heard the gunshots and ducked down in her car. The Range Rover started moving toward Parahams's vehicle, shots were fired at her, and Parahams "play[ed] dead." Id. at 75. After Hunt drove the Range Rover away, Lamar stopped the Impala in front of Parahams's vehicle and fired more shots at her. When Lamar drove away, Parahams ran to a nearby cemetery and hid. Perkins died as a result of his wounds.

The State charged Jordan with murder, Class B felony attempted robbery, and felony murder. Garner and Hunt testified against Jordan at his trial. Anthony Lyons, one of Jordan's friends, and Jermon Gavin and Charles Douglas, who were in jail with Jordan, testified that Jordan admitted to killing Perkins. The jury found Jordan guilty as charged. The trial court sentenced him to an aggregate sentence of eighty years in the Department of Correction. Jordan now appeals.

**Analysis**

### I. Limiting Cross-Examination

Jordan argues that the trial court violated his Sixth Amendment right to confront a witness by limiting his cross-examination of Garner. "A 'primary interest' secured by the Confrontation Clause is the right of cross-examination." Koenig v. State, 933 N.E.2d 1271, 1273 (Ind. 2010) (quoting Davis v. Alaska, 415 U.S. 308, 315, 94 S. Ct. 1105 (1974)). "A criminal defendant's Sixth Amendment right to confront witnesses is

3

nevertheless subject to reasonable limitations placed at the discretion of the trial court."

Id. (citing Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431 (1986)). Violations of the right of cross-examination do not require reversal if the State can show beyond a reasonable doubt that the error did not contribute to the verdict. Id.

During direct examination, Garner testified that he had not entered into a plea agreement but that he hoped testifying against Jordan would help him. During Jordan's cross-examination of Garner, the following discussion occurred regarding possible plea deals:

> Q. But you and your lawyer have been in discussions with the State; is that right?
>
> A. Correct.
>
> Q. And it's your hope that because of your testimony today, that you'll get some consideration?
>
> A. Correct.
>
> Q. Has there been any discussion as to what you're going to get?
>
> A. No, sir.
>
> Q. Nothing at all?
>
> A. No, sir.
>
> Q. What would you like to get out of the deal?
>
> A. For the truth to be known, sir.
>
> Q. Well, what would you like in terms of your plea agreement, sir?

4

A. I really - - I really can't just say what I would like because I know I might not get what I'd like, so anything less than fifty.

Q. Anything less than fifty and you're happy?

A. Yes, sir.

Q. Have you talked about maybe getting a sentence of [two] to four years? Have you talked about that with your lawyer?

Tr. pp. 314-15. At that point, the trial court noted that Garner's discussions with his lawyer were inadmissible. Jordan argued that the testimony was admissible to show bias and motive to testify falsely. Jordan made an offer of proof as follows:

Q. Mr. Garner, did you and your lawyer have a discussion as to what sort of agreement that you hoped to work out with the State?

* * * * *

A. No, sir.

Q. No discussion at all?

A. He told me the longer I wait, the better it could work out for me.

* * * * *

Q. What did you take that to mean?

A. That I can get a better plea than the A felony.

Q. As long as you did what?

A. Testify.

Id. at 331-32.

5

According to Jordan, the trial court erred by "cutting off . . . the questioning of witness Garner regarding Garner's expectation of preferential treatment in exchange for his testimony." Appellant's Br. p. 9. However, the trial court merely prevented Jordan from questioning Garner regarding his discussions with his attorney on the subject. The trial court did not prevent Jordan from asking Garner about his expectation of preferential treatment, and we find no violation of Jordan's Sixth Amendment right to confrontation.

Further, even if the testimony should have been admitted, we conclude that the alleged error did not contribute to the verdict. It was clear from Garner's testimony that he was hopeful that his testimony would result in a lesser conviction and sentence. The offer of proof did not add to that evidence. Even without the testimony regarding his conversation with his attorney, Jordan was able to present evidence of Garner's possible motivations and biases. Any error was harmless.

## II. *Admission of Testimony*

Next, Jordan argues that the trial court erred by allowing a portion of Hunt's direct testimony. The admission or exclusion of evidence rests within the sound discretion of the trial court, and we review such rulings for an abuse of discretion. Conley v. State, 972 N.E.2d 864, 871 (Ind. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

During his direct testimony, Hunt testified that he had entered into a plea agreement and had pled guilty to Class B felony attempted robbery. The plea agreement was entered into evidence without objection. The deputy prosecutor then asked Hunt: "Mr. Hunt, one of the phrases in your plea agreement was that you shall testify truthfully

6

and . . . ." Tr. pp. 412-13. Jordan objected that the State was attempting to bolster Hunt's credibility when it had not been attacked. The trial court overruled the objection, and Hunt testified that he had agreed in the plea agreement to "testify truthfully, candidly, and completely."[1] Id. at 414.

On appeal, Jordan argues that the testimony was inadmissible under Indiana Evidence Rule 608(a), which provides:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

However, Hunt merely testified regarding the terms of his plea agreement. There was no evidence presented regarding Hunt's truthfulness or reputation for truthfulness.

Moreover, even if the testimony was inadmissible, we conclude that any error was harmless. Under Indiana Trial Rule 61, no error in the admission or exclusion of evidence is ground for relief if the error "does not affect the substantial rights" of the party. The improper admission of evidence is not grounds for reversal where it is merely cumulative of other evidence admitted. VanPatten v. State, 986 N.E.2d 255, 267 (Ind. 2013). The plea agreement was admitted without objection and included the following provision: "[Hunt] shall testify truthfully, candidly and completely at any hearing or trial . . . concerning the events as alleged in the Information filed . . . ." State's Ex. 46 p. 3.

---

[1] Later, the State asked Hunt, "You testified under oath back in April of this year and said the same thing. Correct?" Tr. p. 460. The trial court informed the jury that the question was improper "bolstering" and directed the jury to disregard it. Id. at 461.

7

Hunt's testimony was merely cumulative of the already admitted plea agreement. Consequently, Hunt's substantial rights were not affected by the admission of the testimony.

### III. *Jury Instruction*

Next, Jordan argues that the trial court erred by rejecting his proposed jury instruction regarding presence at the scene. Instructing a jury is left to the sound discretion of the trial court, and we review its decision only for an abuse of discretion. Washington v. State, 997 N.E.2d 342, 345 (Ind. 2013). We undertake a three-part analysis in determining whether a trial court has abused its discretion. Id. First, we determine whether the tendered instruction is a correct statement of the law. Id. Second, we examine the record to determine whether there was evidence to support the tendered instruction. Id. at 345-46. Finally, we determine whether the substance of the tendered instruction was covered by another instruction or instructions. Id. at 346.

Jordan proposed the following instruction:

> The mere presence of a person where a crime is being committed, even coupled with knowledge by the person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding, inducing, or causing a crime.

> You must not convict the Accused of aiding, inducting [sic] or causing an offense unless you find beyond a reasonable doubt that the Accused knowingly or intentionally participated in some conduct of an affirmative nature, and specifically intended that the killing occur.

8

App. p. 72. The trial court rejected the proposed instruction, finding that the evidence did not support the giving of the instruction.

The evidence presented at trial demonstrated that Jordan fired two shots at Perkins while they were in a vehicle together. Jordan was the first to fire shots at Perkins. Jordan also admitted to a friend and two people that he met in jail that he killed Perkins. The evidence showed that Jordan did much more than merely be present at the scene. Like the trial court, we conclude that the evidence did not support the tendered instruction. The trial court properly rejected it. See, e.g., Harrison v. State, 496 N.E.2d 49, 52 (Ind. 1986) (holding that the trial court properly rejected an instruction on mere presence where the evidence showed presence inside the victim's apartment, entry through a broken window, and exclusive possession of the stolen goods immediately after the theft).

**Conclusion**

The trial court did not violate Jordan's Sixth Amendment right to confrontation by limiting the cross-examination of Garner regarding a conversation with his attorney. The trial court did not abuse its discretion by admitting Hunt's testimony regarding the terms of his plea agreement. Finally, the trial court did not err by rejecting Jordan's proposed jury instruction regarding mere presence at the scene of a crime. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.