RUCKER, J.,
dissenting.
No matter how finely the evidence is parsed in this case, the inescapable fact is that Hall was denied his Sixth Amendment right of cross-examination. At stake here is whether that denial — a clear constitutional error — was harmless. In Chapman v. California the Supreme Court declared “before a federal constitutional error can be held harmless, the [reviewing] court must be able to declare a belief that it was harmless beyond a reasonable doubt.” 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Because I can make no such declaration, I respectfully dissent.
The majority is quite correct that “the trial court should have granted Hall’s motion to compel discovery!,]” op. at 467; and that “the trial court erred in excluding the phone conversation, which would have corrected A.D.’s deceptively incomplete disclosure.” Id. at 472 (quotation omitted). But I disagree with my colleagues’ apparent view that in conducting a Chapman harmless-error analysis our focus is whether “an error is harmless beyond a reasonable doubt ... on review of the whole record.” Id. at 468. Instead the question is whether “the State can show beyond a reasonable doubt that the error did not contribute to the verdict.” Koenig v. State, 933 N.E.2d 1271, 1273 (Ind.2010) (emphasis added). More simply put, on review of the record this Court must “decide whether the not-fully-impeached evidence might have affected the reliability of the factfinding process at trial.” Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). “The opportunity for cross-examination, protected by the Confrontation Clause, is critical for ensuring the integrity of the factfinding process.” Kentucky v. Stincer, 482 U.S. 730, 736, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987).
“While some constitutional claims by their nature require a showing of prejudice with respect to the trial as a whole, the focus of the Confrontation Clause is on individual witnesses. Accordingly, the focus of the prejudice inquiry in determining *475 whether the confrontation right has been violated must be on the particular witness, not on the outcome of the entire trial.” Van Arsdall, 475 U.S. at 680, 106 S.Ct. 1431 (internal citation omitted). A Chapman harmless-error analysis applies once the reviewing court has found an infringement upon the defendant’s constitutional rights. Id. at 684, 106 S.Ct. 1431 (“hold[ing] that the constitutionally improper denial of a defendant’s opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to Chapman harmless-error analysis”). And in the case before us the infringement is that “the defendant was denied the right ‘to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness.’ ” Pennsylvania v. Ritchie, 480 U.S. 39, 54, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (quoting Davis v. Alaska, 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)).
The Supreme Court has explained that a Chapman harmless-error analysis turns on a number of non-exclusive factors including “the importance of the witness’ testimony in the prosecution’s case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution’s case.” Van Arsdall, 475 U.S. at 684, 106 S.Ct. 1431 (citations omitted). Applying those factors here reveals the following. First, the testimony the State elicited from A.D. was only minimally important to the prosecution’s case-in-chief; but the excluded testimony that Hall sought was highly probative of the witness’ credibility and was far from cumulative of other testimony in the record. Next, the trial court’s motion in limine prevented Hall from demonstrating “the presence ... of evidence ... contradicting the testimony of the witness on material points[.]” Id. Namely, whéther M.T. had made a prior false allegation of sexual abuse.[1] Hall’s defense was premised upon a complete denial of M.T.’s allegations, making quite relevant any inquiry concerning a prior false allegation of sexual assault. And although defense counsel was permitted to cross-examine the witness on other matters, this limitation prevented Hall from presenting evidence relevant to his defense that the allegations were untrue. See Ritchie, 480 U.S. at 63, 107 S.Ct. 989 (Blackmun, J., concurring in part and concurring in the judgment) (citing Davis as an example and explaining that in certain cases “simple questioning will not be able to undermine a witness’ credibility and in fact may do' actual injury to a defendant’s position”). This is particularly important here in light of the fact that the corroborating evidence in favor of the State was circumstantial and open to interpretation. See, e.g., Tr. at 328-30 (State witness explaining that the only seminal fluid recovered was found on M.T.’s shorts and contained only, trace amounts of sperm, which could have been deposited by coming into contact with another surface on which the seminal fluid was present); *476 Tr. at 375 (State witness testifying that there was “[no] way to tell whether DNA that was found was deposited there through direct or indirect transfer”);. Tr. at 288-90, 297-98 (sexual assault nurse examiner testifying that she identified three lacerations in M.T.’s vagina- but could neither conclusively determine at what point in time nor the manner in which the injuries were inflicted).
Further, contrary to the majority’s view it appears to me that the State’s case was not at all very strong. As Judge Najam pointed out writing for the Court of Appeals’ majority, “Hall’s defense depended entirely on the jury crediting his version of events over M.T.’s[.]” Hall v. State, 15 N.E.3d 1107, 1115 (Ind.Ct.App.2014), vacated. And as the trial court expressed when considering the parties’ pre-trial motions, “[t]he credibility of [sic] complaining witness is paramount.” Tr. at 14; accord McCarthy v. State, 749 N.E.2d 528, 535 (Ind.2001) (“As with most cases involving claims of child molestation, here the credibility of witnesses was a key issue at trial.”). As the majority correctly observes, the State’s line of questioning “served to mislead the jury, who had no way of knowing that Hall was in fact seeking more information about a potential prior false accusation of sexual misconduct.” Op. at 472 (footnote omitted). As the Supreme Court has noted, “the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [the] testimony....” Davis, 415 U.S. at 317, 94 S.Ct. 1105 (finding reversible error of trial court’s ruling to deny defendant the right to cross-examine witness regarding his prior juvenile conviction in an effort to show bias).
Cross-examination as protected by the Sixth Amendment ’ includes the right to cast doubt on the witness’ testimony through impeachment with such statements. Olden v. Kentucky, 488 U.S. 227, 231, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (per curiam). By denying Hall the right to impeach AD.’s testimony with her prior inconsistent statements, the trial court allowed the jury to be left with an incomplete picture from which it was asked to assess the credibility, of the witnesses. This denial certainly deprived Hall of impeachment evidence regarding the complaining witness. But an even greater harm- is that the violation also prevented Hall from impeaching A.D. — the testifying witness. As -the majority correctly observes, A.D.’s testimony about M.T.’s demeanor and the timeline of events was introduced at trial to corroborate M.T.’s version of events that afternoon and substantiate the allegations of molestation. See op. at 469-70. By allowing AD.’s testimony that she “didn’t give him any information” to go unchallenged, Tr. at 199,- “[t]he witness was in effect asserting, under protection of the trial court’s ruling, a right to give a questionably truthful answer to a cross-examiner pursuing a relevant line of inquiry!.]” Davis, 415 U.S. at 314, 94 S.Ct. 1105. Had Hall been permitted to impeach A.D. with her prior inconsistent statements, as he should have been, he would have revealed to the jury A.D.’s “deceptively incomplete disclosure.” Op. at 471 (quoting Gilliam v. State, 270 Ind. 71, 383 N.E.2d 297, 301 (1978)). Not only would this have enabled Hall to defuse the. harm of that evidence, but this line of questioning also would undermine A.D.’s credibility and call her entire testimony into doubt. In sum the exclusion of further inquiry into the phone call denied Hall his constitutional right to cross-examine AD., thus preventing him from introducing relevant testimony while simultaneously permitting the State to present a distorted presentation of that same evidence to the jury.
*477 In order to declare the error committed in Hall’s case harmless beyond a reasonable doubt, the Court must be unequivocally convinced this error did not contribute to a guilty verdict. It seems to me incongruous for the majority to say on the one hand “the State’s line of questioning succeeded in” “elicit[ing] testimony from A.D. that Hall had baselessly inquired about M.T.’s credibility,” and “also served to mislead the jury, who had no way of knowing that Hall was in fact seeking more information about a potential prior false accusation of sexual misconduct.” Op. at 472 (footnote omitted). But then declare on the other hand “it is apparent that the trial court’s denial of Hall’s motion to compel discovery [and exclusion of the phone conversation], even if in violation of the Sixth Amendment, was harmless beyond a reasonable doubt.” Id. at 468. To the contrary, the record makes clear Hall was erroneously denied his constitutional right to cross-examination. And the State has failed in its burden to demonstrate the “error did not contribute to the verdict.” Koenig. 933 N.E.2d at 1273. Accordingly I cannot conclude the error was harmless beyond a reasonable doubt. See Reed v. State, 748 N.E.2d 381 389-90 (Ind.2001) (concluding that violation of defendant’s Sixth Amendment right constituted reversible error where trial court denied defendant’s motion to compel deposition testimony and refused to admit videotape of the same subject matter to impeach witness during trial). I would therefore reverse Hall’s conviction and remand this cause for a new trial.
RUSH, C.J., concurs.

. The majority makes a point of highlighting the factual differences between the case at hand and those of the Kentucky incident and thus downplays the import of the testimony that Hall sought to introduce. According to the majority, the testimony in question is that "an investigation revealed that the touching had been mutual' with another nine year old.” See op. at 470; accord Id. at 469. To be sure, in order to have made a prior false claim of sexual abuse, the allegation must have been proven to be a ■ falsity. The fact that the investigation from a state agency revealed a consensual touching between two children rather than an assault committed against M.T. does not make her prior claim of sexual assault any less significant to the jury’s determination of her credibility.