# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 17 2016, 7:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Sean Clover
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean Clover,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | November 17, 2016<br><br>Court of Appeals Case No.<br>03A05-1512-PC-2121<br><br>Appeal from Bartholomew Superior Court.<br>The Honorable Matthew D. Bailey, Special Judge.<br>Cause No. 03D01-1204-PC-2037 |

**Garrard, Senior Judge**

[1] After Clover's judgment of conviction and sentence for two counts of dealing in cocaine,[1] each as a Class A felony, were affirmed on direct appeal,[2] Clover filed a petition for post-conviction relief, alleging ineffective assistance of both trial and appellate counsel, which was denied by the post-conviction court. Clover now appeals.

[2] Clover, who was initially known by officers as Bobby Johnson, was involved in two separate undercover drug buys occurring on August 21, 2008, and September 5, 2008 in Columbus, Indiana. During his jury trial, the trial court admitted State's Exhibit 28 as a substitute for State's Exhibit 12, which was an inaudible recording of the September 5, 2008 transaction. Clover challenged the admissibility of State's Exhibit 28 on direct appeal, but the trial court's admission of the exhibit was affirmed. Clover also challenged the trial court's refusal to declare a mistrial based on Clover's allegation of two instances of prosecutorial misconduct at trial. The trial court's decision not to declare a mistrial was also affirmed on appeal. Likewise, Clover's challenge of the appropriateness of his sentence was rejected on appeal.

[3] Clover appeals from the denial of his petition for post-conviction relief. A petitioner seeking post-conviction relief bears the burden of establishing grounds for relief by a preponderance of the evidence. *Hollowell v. State*, 19

---

[1] Ind. Code § 35-48-4-1 (2006).

[2] *Clover v. State*, No. 03A04-2010-CR-675 (Ind. Ct. App. August 26, 2011), *trans. denied*.

N.E.3d 263, 268-69 (Ind. 2014). A petitioner who appeals from the denial of post-conviction relief, appeals from a negative judgment. *Id.* at 269. As such, to prevail on appeal, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* The trial court's findings of fact and conclusions of law, entered in accordance with Indiana Post-Conviction Rule 1, section 6, will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* We do not defer to the post-conviction court's legal conclusions. *Id.*

[4] Although Clover unsuccessfully presented the argument that he received ineffective assistance of appellate counsel, he does not challenge the post-conviction court's ruling as to that issue on appeal. Instead, Clover contends only that the post-conviction court's denial of his claims of ineffective assistance of trial counsel was clearly erroneous.

[5] When reviewing a claim of ineffective assistance of counsel, we follow the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Id.* We must determine whether the petitioner established deficient performance by counsel, and whether the petitioner established prejudice resulting from counsel's errors. *Id.* Although this test involves two separate inquiries, a claim of ineffective assistance of counsel may be disposed of on either part of the test. *Dickens v. State*, 997 N.E.2d 56, 65 (Ind. Ct. App. 2013), *trans. denied*. Counsel's performance is presumed effective, and a petitioner

must offer strong and convincing evidence to overcome this presumption. *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002).

[6] Clover was represented at trial by attorney James Shoaf. Clover argues that Shoaf should have filed a motion to suppress evidence of his identity on Fourth Amendment grounds, contending that the traffic stop leading to the discovery of his true identity was a pretext executed only to achieve that goal. Because Clover does not raise a separate argument and analysis under Article 1, Section 11 of the Indiana Constitution, we consider only the Fourth Amendment argument.

[7] This issue was considered and rejected by the United States Supreme Court in *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). In *Whren*, police officers discovered two large bags of crack cocaine in the hands of the passenger of a vehicle that was pulled over for a traffic violation. The petitioners moved to suppress the evidence on the ground that the traffic stop, which occurred in an area of the city where there was much drug activity, was a pretext to investigate whether illegal drug activity was afoot. The Supreme Court observed that temporary detention of individuals during a traffic stop by police constitutes a seizure for purposes of the Fourth Amendment, and, therefore, must be reasonable, which requires the police to have probable cause to believe that a traffic violation has occurred. *Id.* at 810. The Supreme Court held that even if police officers have another motivation for detaining the individuals, there is no Fourth Amendment violation if the

officers have probable cause for the traffic stop. *Id.* at 819. If so, the evidence discovered is admissible. *Id.*

[8] The facts of the present case lead to the same result. Prior to the September 5, 2008 transaction, Officer Martin, the undercover officer involved in the controlled buys, arranged to have another officer, Columbus Police Department Sergeant Morgan Horner, observe Martin's vehicle and stop it for any minor traffic violations. After the transaction was completed, Martin drove his car toward Clover's home. Sergeant Horner observed Martin's vehicle swerve within its lane and noticed that the vehicle had an equipment violation. Horner initiated a traffic stop of Martin's vehicle and, after obtaining identification information from both Martin and Clover, did not issue a citation. Evidence of Clover's true identity was used at his trial.

[9] The evidence at trial established that Sergeant Horner had probable cause for the traffic stop. The fact that he had the additional motivation to discover Clover's true identity does not invalidate the stop, or cause that evidence to be inadmissible under *Whren*. Therefore, Shoaf did not render ineffective assistance of counsel by failing to file a motion to suppress that evidence.

[10] Clover also claims that trial counsel was deficient by failing to object to the admission of Exhibit 28 on grounds that it contained inadmissible evidence which was damaging to Clover's character, and its admission violated Clover's confrontation rights under the United States Constitution. Because Clover does

not present separate argument or analysis under the Indiana Constitution, the only constitutional issue we address is his Sixth Amendment challenge.

[11] Shoaf objected to the admission of the exhibit at trial, challenging the authenticity of the exhibit and its chain-of-custody. On direct appeal, Clover argued that an improper foundation had been laid for the admission of the exhibit. We held that even if the trial court abused its discretion by admitting the exhibit, such error was harmless, as the recording was merely cumulative of Officer Martin's testimony about the September 5, 2008 transaction. *Clover v. State*, No. 03A04-2010-CR-675, *1 (Ind. Ct. App. August 26, 2011), *trans. denied*.

[12] Because Clover has not previously litigated the issue whether trial counsel was ineffective by failing to object to Exhibit 28 on federal Confrontation Clause grounds, we consider it here.

[13] One of the primary interests secured by the Confrontation Clause is the right of cross-examination. *Koenig v. State*, 933 N.E.2d 1271, 1273 (Ind. 2010) (citing *Davis v. Alaska*, 415 U.S. 308, 315, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974)). A defendant's Sixth Amendment right to confront witnesses is, however, subject to reasonable limitations placed at the discretion of the trial court. *Id.* (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986)). A finding that there were violations of the right of cross-examination does not require reversal if the State can show beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* Because a defendant is entitled to

a fair trial, not a perfect trial, in a particular case, certain constitutional errors may have been harmless in terms of their effect on the fact-finding process at trial. *Id.* This harmless error analysis turns on factors we consider on appellate review, such as the importance of the witness' testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case. *Id.* (quoting *Van Arsdall*, 475 U.S. at 684, 106 S. Ct. 1431)). Our Supreme Court has applied the test and previously found that the admission of a laboratory report without allowing the defendant an opportunity to confront the creator of the report was harmless beyond a reasonable doubt because of the defendant's self-implicating statements to police. *Koenig*, 933 N.E.2d at 1274.

[14] On direct appeal, we already determined that admission of the exhibit, if erroneous, was harmless error at best. Assuming, arguendo, that the trial court erred by admitting Exhibit 28 without allowing Clover to confront the creator of the exhibit, we conclude that such error was harmless beyond a reasonable doubt.

[15] Martin testified about the procedure he used in creating the compact disc recordings from the portable digital recorder used during the transaction. He also testified that he, as an Indiana State Police Detective, was unfamiliar with the practices of the Columbus Police Department in preserving recordings made from their portable digital recorders. Columbus Police Department Officer

Jonathan Rohde explained that his department stores audio recordings on its server rather than using compact discs. He could not recall if he was the officer who downloaded the recording to the server.

[16] Officer Martin had already testified and was cross-examined about the two drug transactions. The exhibit was merely cumulative of that testimony. Sergeant Horner executed the traffic stop shortly after the September 5 transaction, confirming that the individual Martin had purchased the cocaine from was Clover. Both Martin and Horner identified Clover at trial. The lab results confirmed that the substance Clover had sold to Martin on two separate occasions was cocaine.

[17] Assuming that the exhibit was erroneously admitted, the error was harmless beyond a reasonable doubt based on the record. As such, Clover has not established prejudice from trial counsel's failure to object on this ground, and has not established that an objection if made, would have been successful.

[18] Clover also argues that a new trial is warranted because Exhibit 28 includes his statement to Martin that even though he had a warrant for his arrest out of Georgia, Clover did not expect to be extradited. Clover argues that his counsel should have filed a motion to suppress on Indiana Rule of Evidence 404(b) grounds because the evidence reflected poorly on his character.

[19] Prior to the admission of Exhibit 28, Martin had already testified about the two drug transactions with Clover. The lab results, which were admitted, showed that the substance Martin purchased from Clover was cocaine. Photographs of

the buy money used to purchase the cocaine from Clover were also admitted. It is unlikely that the jury would have reached a different verdict had Clover's counsel objected to that evidence.

[20] Additionally, Shoaf's failure to file a motion to suppress that evidence does not entitle Clover to relief. Shoaf testified that he did not believe that a motion to suppress evidence of Clover's active warrant would have been granted. In order to prevail on such a claim based on counsel's failure to file a motion, the petitioner must demonstrate that such a motion would have been successful. *Moore v. State*, 872 N.E.2d 617, 621 (Ind. Ct. App. 2007), *trans. denied*.

[21] Indiana Evidence Rule 404(b) protects a defendant from being convicted based on unrelated prior bad acts. *Garland v. State*, 788 N.E.2d 425, 428 (Ind. 2003). This is to prevent the jury from drawing a forbidden inference that the defendant's character is such that he has a propensity to engage in conduct of the sort charged, and acted in conformity with that character on the occasion at issue as charged. *Id.* at 429.

[22] During the traffic stop, Clover told Martin that he was subject to three months' probation, and had a warrant for his arrest for moving from Georgia to Indiana. He explained to Martin that he believed the basis of the warrant was not serious enough to justify an arrest at that time or extradition to Georgia. There was no evidence of the nature of the prior offense resulting in Clover's probation in Georgia, and his arrest warrant for violating his probation by moving from Georgia to Indiana is different from the charged acts, dealing in cocaine.

[23] As such, Shoaf's decision not to file a motion to suppress was a matter of trial strategy. Given the compelling nature of the evidence against Clover, he has not met his burden of establishing that the motion would have been granted, or that but for Shoaf's failure to file the motion to suppress, the result of the proceedings would have been different.

[24] Clover also argues that his trial counsel was ineffective by failing to allege a conspiracy to present false testimony by raising an alleged violation of the order separating witness and raising alleged prosecutorial misconduct from this violation. Clover claims that the deputy prosecutor and Detective Rohde "surreptitiously contacted" technician Neal in violation of the court order and "knowingly and intentionally gave him false statements in order to influence his testimony." Appellant's Br. p. 14.

[25] The portion of the transcript Clover cites does not lend support to his argument. On trial transcript page 239, the trial court made clear that during the break in his testimony, Officer Martin was to have no contact with anyone in the prosecutor's office except for the legal assistant and then only regarding scheduling issues. The trial court specifically reminded the State that Martin was not to be in the prosecutor's office at all prior to resuming his testimony. There is no reference with respect to Detective Neal.

[26] During the trial, it was apparent that the recordings of the drug transactions had clarity issues. State's Exhibit 28 was admitted as a more clear recording of the September 5, 2008 transaction. Detective Neal briefly testified on the first day

of trial about his experience with illegal substance investigations and the audio and video devices used to record undercover transactions. He also testified about the audio playback systems used in courtrooms. The trial court had admitted State's Exhibit 4, an audio recording, and State's Exhibit 7, which was a transcription from a recording. When Detective Neal attempted to play State's Exhibit 4 for the jury, it was apparent that the recording and transcription differed. The trial court allowed a brief recess to let Detective Neal find the correct starting time on the audio recording and for the parties to reconcile the differences between the transcripts and recordings.

[27] While these issues were being addressed out of the presence of the jury, Shoaf informed the trial court that he had spoken with Officer Rohde about the difference in quality between the recording and the transcript. Officer Rohde then testified and answered questions from the court and the parties about the Columbus Police Department's procedure used to download, copy, and transcribe the recordings from the portable digital recording device. The deputy prosecutor indicated that she intended to speak with Detective Neal about clarity issues involving State's Exhibit 12. When Detective Neal testified about those issues, out of the presence of the jury, the trial court agreed that State's Exhibit 28 was more clear than State's Exhibit 12. Detective Neal had not listened to what Shoaf and the State were referring to as the original, but testified that he had been told by the deputy prosecutor and Officer Rohde about differences. Once the jury was reconvened, Detective Neal played Exhibit 28 for the jury, but did not otherwise testify during the State's case.

Detective Neal further testified during Clover's case about possible reasons for the differences in clarity and length of Exhibit 12 and Exhibit 28.

[28] The record does not support Clover's argument that there was a surreptitious meeting between the deputy prosecutor, Officer Rohde, and Detective Neal for the purpose of giving him false information to influence his testimony. Indeed, Detective Neal answered all questions presented to him by the trial court, Shoaf, and the State. He testified that he did not know what the parties considered to be the original recording and that he had not listened to an original.

[29] It is apparent from the record that Detective Neal's function at trial was to play the recordings for the jury. He testified about his experience and the possible causes of the defects in sound quality of some of the exhibits. The deputy prosecutor and Officer Rohde's discussions with Detective Neal to produce a more audible version of the evidence for the jury does not rise to the level of violating the order separating witnesses, and since conducted outside the presence of the jury, did not influence the jury's verdict. Consequently, Clover has not established prejudice from trial counsel's failure to present this argument at trial.

[30] Next, Clover claims that his trial counsel was ineffective for failing to impeach Detective Martin about another copy of the September 5, 2008 transaction which he produced on the morning of the third day of trial at the request of an assistant in the prosecutor's office. The copy was then provided to the deputy

prosecuting attorney, who then provided the copy to Shoaf. Clover argues that Shoaf should have questioned Detective Martin about Defendant's Exhibit A, impeaching his testimony.

[31] Shoaf chose to address the issue of the new recording of the September 5, 2008 transaction by way of a motion for mistrial. The trial court denied the motion after hearing Shoaf's vigorous argument, and after agreeing that the State's performance was subpar. The trial court's decision was affirmed on direct appeal. Therefore, Shoaf's decision to attempt to gain a new trial for Clover because of discovery issues involving that exhibit, instead of attempting to impeach Detective Martin with that evidence, was a tactical decision. The record reflects that Shoaf addressed the issue at trial and the issue was reviewed on appeal. "Trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness." *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011) (quoting *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998)), *trans. denied*. Shoaf's strategy was neither deficient nor unreasonable.

[32] In light of the foregoing, we affirm the post-conviction court's decision.

[33] Affirmed.

Baker, J., and Pyle, J., concur.