## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark S. Lenyo<br>South Bend, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean A. Kubiak,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 29, 2017<br><br>Court of Appeals Case No.<br>71A04-1609-CR-2187<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable John M.<br>Marnocha, Judge<br><br>Trial Court Cause Nos.<br>71D02-1601-F6-48<br>71D02-0909-FC-231 |

**Najam, Judge.**

# Statement of the Case

Sean A. Kubiak appeals his convictions for operating a motor vehicle while privileges are forfeited for life, a Level 5 felony, and resisting law enforcement, as a Level 6 felony, following a jury trial in cause number 71D02-1601-F6-48 ("F6-48") and the trial court's revocation of his probation in cause number 71D02-0909-FC-231 ("FC-231"). Kubiak raises five issues for our review, which we restate as the following three issues:

1. Whether the trial court abused its discretion when it permitted an officer to testify to a third party's out-of-court statements under the excited utterance exception to hearsay.

2. Whether the trial court abused its discretion when it overruled Kubiak's Indiana Evidence Rule 404(b) objection to the officer's testimony that he had observed Kubiak driving the vehicle in question on a prior occasion.

3. Whether the State presented sufficient evidence to support Kubiak's convictions and the revocation of his probation.

We affirm.

# Facts and Procedural History

On December 20, 2015, South Bend Police Department Officer Robert Anton observed the driver of a white van disregard a traffic signal and proceed through an intersection. Officer Anton activated his police vehicle's lights and siren, and he attempted to conduct a traffic stop of the van. But the driver of the van

refused to pull over and, instead, "turned abruptly" down other streets. June 21, 2016, Tr. at 123. Officer Anton informed dispatch that he was in pursuit of the van.

[4] About two blocks later, the van hit a median and lost both of its passenger-side wheels. The van spun 180-degrees and came to a rest such that Officer Anton could look directly into the van's cabin area, which was illuminated by his vehicle's headlights. Officer Anton "could clearly see two occupants. The one in the driver's seat was a male white, with long blonde hair. And . . . the passenger was a female, also with long blonde hair." *Id.* at 125. Officer Anton observed that the female passenger looked "afraid" and "shocked." *Id.* at 135. After "no more than a second," the van again accelerated away from Officer Anton, emitting "sparks and other debris from the passenger side[] where the wheels were no longer." *Id.* at 125.

[5] After a short distance, the van came to a stop, and Officer Anton brought his vehicle to a stop near the van and illuminated the van with his spotlight. Officer Anton then exited his vehicle but did not approach the van while he waited for additional officers. While he waited, "a male white in a blue sweatshirt and light blue jeans," who Officer Anton recognized as the driver, exited the van and fled on foot. *Id.* at 126. Officer Anton stayed with the van, but as the driver ran away Officer Anton observed the driver "look[] back directly at" Officer Anton while the driver was still in the area illuminated by Officer Anton's vehicular lights. *Id.* at 133.

[6] After about five minutes, Officer Anton approached the van. The female passenger identified herself to Officer Anton as Angela Kubiak ("Angela"). Officer Anton observed that "[s]he was still very shaken up" by the incident. *Id.* at 135. Angela stated that Kubiak had been the driver of the van. Officer Anton then inventoried the van, during which he discovered three prescription medication bottles with Kubiak's name on them.

[7] After he inventoried the van, Officer Anton searched police records for Kubiak's name and found Kubiak's driving record. That record included a photograph of Kubiak. Officer Anton concluded that the person in the photograph was the same person he had observed operating the van.

[8] The State charged Kubiak in relevant part with operating a motor vehicle while privileges are forfeited for life, a Level 5 felony, and resisting law enforcement, as a Level 6 felony, in F6-48. In FC-231, the State alleged that Kubiak's actions were a violation of the conditions of his probation.

[9] At his ensuing jury trial in F6-48, Kubiak's defense focused on challenging the State's identification of him as the driver of the van. Officer Anton testified to the events of December 20, 2015, and his testimony was largely corroborated by the dashboard camera that had recorded the events from inside his police vehicle.[1] Kubiak objected to Officer Anton's testimony as to what Angela had told Officer Anton upon his approach to the van on the grounds that her out-of-

---

[1] There is no dispute that that recording does not permit the viewer to identify the driver of the van.

court statements were inadmissible hearsay. The trial court overruled Kubiak's hearsay objection after concluding that Angela's statements were excited utterances.

[10]   Also during Officer Anton's testimony, the following exchange between the parties and the court occurred:

> Q. [by the State:]   Now, Officer Anton, is this the first time that you've had occasion to run into Mr. Kubiak?
>
> A.     No, it's not.
>
> MR. HILGENDORF [for Kubiak]:  May we approach?
>
>                     * * *
>
> Your Honor, based on the police report, I suspect that this witness would testify that he had seen Mr. Kubiak driving about a week before.
>
> I think that's a prior bad act, so I'm objecting, because it's not relevant here. And it's prejudicial and would be effectively the . . . commission of an uncharged offense.
>
>                     * * *
>
> MS. MCBRIDE [for the State]:  Your Honor, in this case the State is expecting the officer to testify that he was driving the same van.

> This is not necessarily a prior bad act[;] it's simply that he was driving the van on a different occasion.
>
> THE COURT: Well, in this case the issue is whether it was Mr. Kubiak who was driving the van on this date . . . .
>
> . . . I think a question like, "Had you seen Mr. Kubiak driving the van prior to December 20, 2015," would be acceptable. . . . [T]he jury is not going to be told when he became an habitual for life. But the issue is, he was in that van . . . .

*Id.* at 130-32.

[11] The State then asked Officer Anton the question as instructed by the court, and Officer Anton testified that he had "previously observed a man very closely matching [Kubiak's] description . . . operating that vehicle before the night in question." *Id.* at 132. Officer Anton clarified that that prior observation had been "no more than six months" before December 20, 2015. *Id.* Thereafter, Kubiak stipulated to the jury that, "[o]n December 20, 2015, [his] driving privileges were validly suspended for life . . . ." *Id.* at 144.

[12] The jury found Kubiak guilty of operating a motor vehicle while privileges are forfeited for life, a Level 5 felony, and resisting law enforcement, as a Level 6 felony, in F6-48. The court then revoked Kubiak's probation in FC-231. The court entered judgment of conviction against Kubiak in F6-48 and sentenced him accordingly in both causes. This appeal ensued.

# Discussion and Decision

## *Issue One: Angela's Out-of-Court Identification of Kubiak*

[13]    On appeal, Kubiak first contends that the trial court abused its discretion when it permitted Officer Anton to testify to Angela's out-of-court statement to him in which she identified Kubiak as the driver of the van. The trial court has "inherent discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004) (internal quotation marks omitted). An abuse of discretion occurs when the trial court's judgment "is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014).

[14]    Hearsay is generally inadmissible. Ind. Evidence Rule 802. However, hearsay may be admissible if it is an excited utterance. Evid. R. 803(2). For a statement to be an excited utterance, three elements must be shown: (1) a startling event; (2) a statement made by a declarant while under the stress of excitement caused by the event; and (3) that the statement relates to the event. *Fowler v. State*, 829 N.E.2d 459, 463 (Ind. 2005), *abrogated on other grounds*, *Giles v. California*, 554 U.S. 353, 366-68 (2008). "The ultimate issue is whether the statement is deemed reliable because of its spontaneity and lack of thoughtful reflection and deliberation." *Id.* In *Fowler*, the Indiana Supreme Court held that the trial court did not abuse its discretion when it admitted into evidence statements made to an officer fifteen minutes after a startling event. *Id.* at 463-64.

[15]     Kubiak asserts that the trial court abused its discretion when it admitted Angela's statements through Officer Anton's testimony. Specifically, according to Kubiak it was unlikely that Officer Anton got an accurate look at Angela's expression when the van had spun 180-degrees in front of him. Kubiak further complains that Officer Anton's assessment of Angela after the van had stopped did not provide any details other than that she had appeared "shaken up."[2] June 21, 2016, Tr. at 135.

[16]     We cannot say that the trial court abused its discretion. The facts and circumstances before the court demonstrated the elements of an excited utterance. Officer Anton testified that Angela appeared to be "afraid" and "shocked" after the van had spun 180-degrees and come to a rest and that, five minutes later, she continued to appear under the stress of that startling event. And, while in that condition, she identified Kubiak as the driver of the van. The trial court acted within its inherent discretionary power when it permitted Officer Anton's testimony as to Angela's statement.

[17]     Still, Kubiak asserts that the admission of Angela's statement violated his right to confront a witness against him under the Sixth Amendment to the United States Constitution. But Kubiak objected to Officer Anton's testimony only on hearsay grounds, not on Sixth Amendment grounds. The Indiana Supreme Court has stated that, where a defendant "only objected on grounds that [the

---

[2] Kubiak also asserts that "it is clear from a review of Officer Anton's testimony that Angela Kubiak's identification of Sean Kubiak . . . was the result of questioning by Officer Anton, not a spontaneous statement." Appellant's Br. at 13. This assertion has no support in the record, and we do not consider it.

testimony] was inadmissible hearsay" and "did not object on Confrontation Clause grounds" the "claim of error is waived." *Small v. State*, 736 N.E.2d 742, 747 (Ind. 2000). "A defendant may not raise one ground for objection at trial and argue a different ground on appeal." *Id.* Accordingly, we do not consider Kubiak's unpreserved Sixth Amendment argument.[3]

### Issue Two:  Officer Anton's Prior Observation of Kubiak Driving the Van

Kubiak next asserts that the trial court abused its discretion when, over Kubiak's objection, it permitted Officer Anton to testify that he had observed Kubiak drive the van on a date prior to December 20, 2015. Again, the admission of evidence is within the inherent discretionary power of the trial court, and we will review its decisions only for an abuse of that discretion. *McManus*, 814 N.E.2d at 264.

According to Kubiak, Officer Anton's testimony was inadmissible under Indiana Evidence Rule 404(b). That rule states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evid. R. 404(b). But we agree with the trial court that Officer

---

[3] In support of appellate review notwithstanding his failure to object, Kubiak asserts that this court has considered a Sixth Amendment claim raised on appeal following only a hearsay objection in the trial court. But the case Kubiak cites in support of that position has been vacated by the Indiana Supreme Court. *See Koenig v. State*, 916 N.E.2d 200, 202-03 (Ind. Ct. App. 2009), *trans. granted*, 933 N.E.2d 1271, 1272 (Ind. 2010). And, in its opinion in that case, the Indiana Supreme Court did not discuss preservation of error.

Anton's answer to the State's limited question was not 404(b) evidence.[4] Rather, a central issue before the jury was Officer Anton's identification of Kubiak as the driver of the van on December 20, 2015. The limited testimony that Kubiak now challenges was offered and admitted to bolster the State's evidence as to Kubiak's identity. And, due in part to Kubiak's subsequent stipulation, the jury had no evidence before it from which it could have inferred that, when Officer Anton had previously observed Kubiak driving the van, Kubiak was engaged in an illegal act. Thus, we cannot say that the trial court abused its discretion in the admission of Officer Anton's testimony in this regard.

### Issue Three:  Sufficiency of the Evidence

[20] Finally, Kubiak asserts that the State failed to present sufficient evidence to support his convictions and the revocation of his probation. Our standard of review is clear:  in reviewing such claims, we will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. *Leonard v. State*, 73 N.E.3d 155, 160 (Ind. 2017). We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* We will neither reweigh the evidence nor reassess the credibility of witnesses. *Id.*

---

[4] Evidence Rule 404(b)(2) permits evidence of prior bad acts to prove identity if the State provides the defendant with notice of its intent to use such evidence. There is no dispute that the State provided no such notice here.

[21] Here, Kubiak asserts that the State failed to show beyond a reasonable doubt that he was the driver of the van. In particular, Kubiak asserts as follows: (1) Angela's out-of-court identification of him as the driver was not reliable; (2) Officer Anton's observation of Kubiak when the van had spun 180-degrees was not worthy of credit; and (3) Officer Anton's dashboard camera recording failed to show the driver of the van.

[22] Kubiak's arguments on appeal are merely requests for this court to reweigh the evidence, which we will not do. Officer Anton testified that he had personally and clearly observed Kubiak driving the van both when the van spun towards Officer Anton and when Kubiak exited the stopped van, fled, and turned back and looked at Officer Anton. Officer Anton further testified that he had confirmed Kubiak's identity with Kubiak's photograph in his driving record only minutes after the chase had ended. And Officer Anton stated that he had seen Kubiak driving the van on a prior occasion. Moreover, Officer Anton discovered three prescription medicine bottles with Kubiak's name on them inside the van, and Angela's excited utterance was admissible evidence that the jury was free to consider and weigh accordingly. Thus, we affirm Kubiak's convictions in F6-48 and the revocation of his probation in FC-231.

[23] Affirmed.

Kirsch, J., and Brown, J., concur.