FILED

Apr 03 2023, 8:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keesha R. Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 3, 2023<br><br>Court of Appeals Case No.<br>22A-CR-427<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Elizabeth Christ, Judge<br><br>The Honorable Ronnie Huerta, Magistrate<br><br>Trial Court Cause No.<br>49D24-1902-F6-7259 |

**Opinion on Rehearing by Judge Mathias**
Judges Robb and Vaidik concur.

**Mathias, Judge.**

[1] In this case, we concluded that Keesha R. Johnson's Sixth Amendment right to confrontation had been violated but that the error was harmless. Johnson has filed a petition for rehearing and argues that our court applied the incorrect harmless error standard of review. She further claims that the violation of her confrontation rights was not harmless error.

[2] In our opinion, we cited to *Koenig v. State*, in which our supreme court "reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." 933 N.E.2d 1271, 1273 (Ind. 2010) (citations omitted). And, when considering whether a constitutional error was harmless, we may consider, among other things:

> the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted and, of course, the overall strength of the prosecution's case.

*Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

[3] Although we cited *Koenig*, we did not specifically set forth the standard of review quoted above in our prior opinion. *Johnson v. State*, 201 N.E.3d 1198, 1201 n.3 (Ind. Ct. App. 2023). Moreover, in our consideration of Johnson's confrontation claim under the Indiana Constitution, we also cited to *Torres v. State*, 673 N.E.2d 472, 474 n.1 (Ind. 1996), in which our Supreme Court explained that, as with federal constitutional error, the proper standard of review for harmless error analyses of

violations of Indiana constitutional rights is whether the error was harmless beyond a reasonable doubt.

[4] Johnson correctly observes that our opinion did not explicitly state that the violations of her Sixth Amendment and Article 1, Section 13 confrontation rights were considered under the appropriate standard of review. We therefore grant her petition for rehearing to clarify our opinion and expressly apply the harmless error analyses described in *Koenig* and *Torres*.

[5] In our opinion, we observed that "the witnesses testified in open court in Johnson's presence, the jury was able to observe their demeanor and body language, and because the witnesses were subject to cross-examination[.]" *Johnson,* 201 N.E.3d at 1207. We also explained, "Johnson admitted that she fired her gun twice. At least one shot was fired over Shanetra's head. Both bullets penetrated the walls of the neighboring home. Johnson's own testimony is sufficient to sustain her conviction for criminal recklessness." *Id.* at 1207 (citing Ind. Code § 35-42-2-2 ("A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness."). Johnson claimed that firing the second shot was accidental and Shanetra's testimony was used to rebut that claim. But Johnson's act of intentionally firing the first shot is sufficient to sustain her criminal recklessness conviction and is relevant to a harmless error analysis.

[6] In addition, much of Johnson's and Shanetra's testimonies were consistent. Shanetra stated that she was on Johnson's property without Johnson's permission, and from

their testimonies it was reasonable for the jury to conclude that Johnson was surprised by Shanetra's presence. Their testimonies diverged when each testified when Johnson realized Shanetra was the individual on her property: was it before or after Johnson fired her gun? However, there was no dispute that the bullets from both shots penetrated the walls of the neighboring home occupied by Carl and Angela Hawkins.

[7] Finally, in its closing argument, the State relied heavily on Johnson's testimony at trial and her statements to the investigating police officer. In response to Johnson's claim that she was defending her property, the State argued Johnson used unreasonable force when she shot her gun in response to an individual rummaging through the van parked on Johnson's property.

[8] The masked witnesses were subject to cross-examination in Johnson's presence and the State had a strong case against Johnson. We therefore conclude that the federal and state constitutional errors were harmless beyond a reasonable doubt.

Robb, J., and Vaidik, J., concur.